IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                       Criminal Action No. 3:06CR7-04
                                              (JUDGE BAILEY)

WILLIAM AMBROSE STEWART,

    Defendant.

## REPORT AND RECOMMENDATION THAT LETTER DOCKETED AS MOTION TO REDUCE SENTENCE BE DENIED

I. Introduction

    A.    Background

Defendant and four others were indicted January 19, 2006 in a nine count indictment related to distribution of cocaine base. Defendant was the fourth defendant in that indictment. Defendant was detained pending trial beginning February 8, 2006. Defendant executed a plea agreement and entered his plea March 23, 2006. Defendant was sentenced July 6, 2006. Defendant sent a letter to Judge Broadwater dated September 8, 2007 that was docketed by the clerk as a Motion to Reduce Sentence on September 24, 2007.

    B.    The Motion

Letter docketed as Motion to Reduce Sentence.[1]

---

[1] Doc. No. 239.

C. Recommendation

I recommend the letter docketed as a Motion to Reduce Sentence which sought credit against his sentence for pre-trial detention be denied because this court lacks jurisdiction to consider defendant's request.

II. Facts

According to the docket, Defendant was detained beginning February 8, 2006. Defendant was sentenced July 6, 2006 and continued to be held in the custody of the United States Marshals Service until he was delivered to FCI Elkton on November 28, 2006.

III. The Motion

A. Contention of the Parties

Defendant contends he is entitled to credit for time served from February 8, 2006 when he was first taken into custody and this Court has the power to credit that time toward his sentence.

The Government contends this Court does not have jurisdiction of this case at this time because Defendant has not exhausted his administrative remedies and even if he had exhausted his administrative remedies only the district of incarceration has jurisdiction of his claim.

B. Discussion

United States v. Ramirez, No. 86-7749, U.S. Cir. 1987 WL 24454, (4th Cir. Nov. 27, 1987) contained the following language:

> It is the administrative responsibility of the Attorney General, the Department of Justice, and the Bureau of Prisons to compute sentences and apply credit where it is due. *See* **18 U.S.C. § 3568**. It is not the province of the sentencing court. After exhaustion of administrative remedies, ***Chua Han Mow v. United States*, 730 F.2d 1308, 1313 (9th Cir. 1984)**, *cert. denied,* **470 U.S. 1031 (1985)**,

judicial review of a claim relating to computation of sentence is available under **28 U.S.C. § 2241** in the district of confinement. ***United States v. Hornick*, 815 F.2d 1156, 1160 (7th Cir. 1987)**.

U.S. v. Miller, 871 F.2d 488, 489-490 (4th Cir. 1989) confirms that this court cannot grant relief holding:

" . . . Miller filed a motion asking the district court to direct the Bureau of Prisons to award him jail credit of 104 days. The district court *490 correctly held that it was without jurisdiction to grant such relief. A claim for credit against a sentence attacks the computation and execution of the sentence rather than the sentence itself. Judicial review must be sought under **28 U.S.C. § 2241** in the district of confinement rather than in the sentencing court. *See **United States v. Brown*, 753 F.2d 455 (5th Cir. 1985)**."

3. Recommendation

I recommend the letter docketed as a Motion to Reduce Sentence which sought credit against his sentence for pre-trial detention be denied because this court lacks jurisdiction to consider defendant's request.

The Clerk of the Court is directed to provide a copy of this Report and Recommendation to parties who appear pro se and all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: March 20, 2008

/s/ *James E. Seibert*
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE